The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May the Legislature of the State of Oklahoma appropriate monies which are lined itemed for 305 special events as shown in Section 3 of Enrolled Senate Bill No. 120, for the Oklahoma Tourism and Recreation Department? Section 3 of said Bill provides that: "There is hereby appropriated to the Oklahoma Tourism and Recreation Department, from any monies in the Income Tax Adjustment Fund of the State Treasury, not otherwise appropriated, the following amounts, or so much thereof as may be necessary for use by the Special Events Commission to carry out the provisions of Section 263 of Title 53 of the Oklahoma Statutes, and for the purposes specified below. The following allocation of funds may not be transferred for any other use, however, in the event that any of the lined itemed amounts listed below are not claimed, the Special Events Commission may, at its discretion, transfer any unclaimed amounts to other special events in an amount not to exceed One Thousand Dollars ($1,000.00) per event." The balance of Section 3 sets out 305 special appropriations listed in the Act. Section 2 of Senate Bill 582, Thirty-First Legislature, Second Session, for the Industrial Development and Park Commission appropriated monies for lined itemed expositions, festivals, celebrations and other occurrences of that nature. In Attorney General Opinion No. 68-207 dated July 1, 1968, it was determined that appropriations for these events were constitutionally invalid with the exception of the appropriation to the Western Plains Indian Arts and Crafts Commission. Enrolled Senate Bill No. 120 appropriates money for the Special Events Commission under the Oklahoma Tourism and Recreation Department appropriation bill. These monies are appropriated for specific expositions, community festivals and celebrations, many of which are private groups, agencies or associations whose management is entirely separate from the control or direction by the State and having no accountability to the State for the funds received. Article X, Section 15 of the Oklahoma Constitution prohibits the credit of the State to be given, pledged, or loaned to any individual, company, corporation, or association, municipality or political subdivisions of the State and donations by the State by gift, tax, or otherwise, to any company, association or corporation. Article X, Section 14 of the Oklahoma Constitution states in part: "Taxes shall be levied and collected by general laws, and for public purposes only . . ." In Veterans of Foreign Wars of United States, Department of Oklahoma v. Childers, 197 Okl. 331, 171 P.2d 618
(1946) the Court stated in its syllabus as follows: Under sections 14 and 19, art. 10, of the State Constitution, money in the state treasury can only be appropriated and used for public purposes, and in order to constitute a public purpose, within the meaning of this constitutional provision, such purpose must not only be affected with a public interest, but must be performed by the state in the exercise of its governmental functions, and public funds cannot be used to assist individuals or private organizations in their business, functions, or activities, which are affected with a public interest, as the Constitution neither authorizes nor contemplates the exercise of governmental functions by any person, association, or corporation, except the duly constituted officers or agencies of the state. 3. Though a corporation is created for purposes fraternal, patriotic, historical and educational and to assist worthy comrades who now are, or formerly were, members of the armed forces, and to assist their relatives and dependents, which purposes are wholesome and for the public good, yet when such organization functions by its own management entirely separate from control or direction by the state, it is as to the state a private corporation and the Legislature has no constitutional authority to appropriate public funds of the state, to such corporation, or to be expended by and through the corporation, in aid of the carrying out of its functions or some part of them, because such an appropriation would be in the nature of a gift of public funds within the meaning of section 15, art. 10, of the Constitution." See also Vette v. Childers,102 Okl. 140, 228 P. 145 (1924). It is, therefore, the official opinion of the Attorney General that Section 3 of Enrolled Senate Bill No. 120, Thirty-Seventh Legislature, First Regular Session, effective June 7, 1979, is violative of the provisions of Article X, Section 14, Article X, Section 15 of the Oklahoma Constitution to the extent that funds appropriated thereby are donated to expositions, community festivals or other activities operated and managed by entities other than the State of Oklahoma. (Victor G. Hill Jr.) ** SEE: OPINION NO. 80-157 (1980) ** ** SEE: OPINION NO. 80-200 (1980) ** ** SEE: OPINION NO. 80-206 (1980) **